15-2990-cv
*G.L.M. Sec. & Sound, Inc. v. LoJack Corp.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

  At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of July, two thousand sixteen.

PRESENT: JOSÉ A. CABRANES,
     CHRISTOPHER F. DRONEY,
        *Circuit Judges,*
     JEFFREY ALKER MEYER,
        *District Judge.*[*]

---

G.L.M. SECURITY & SOUND, INC.,

    *Plaintiff-Appellant,*

    v.           No. 15-2990-cv

LOJACK CORPORATION,

    *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**    DANIEL J. HURTEAU, Nixon Peabody
                 LLP, Albany, NY.

**FOR DEFENDANT-APPELLEE:**    JAMES C. RUBINGER, Plave Koch PLC,
                 Reston, VA.

---

 [*] The Honorable Jeffrey Alker Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

Rachel M. Harrington, Law Offices of
Robert W. Harrington, P.C., Boston, MA.

Appeal from the August 25, 2015 judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant G.L.M. Security & Sound, Inc., ("GLM") appeals from the District Court's August 25, 2015 grant of summary judgment to defendant-appellee LoJack Corporation ("LoJack"). The crux of GLM's complaint concerns a distribution and installation agreement that it entered into with LoJack in September 2002, which related to LoJack's principal product, the Stolen Vehicle Recovery Unit ("SVRU"). Pursuant to its explicit terms, the agreement could be amended or modified only by signed written instrument.

GLM nevertheless claims that, sometime after the agreement was executed, the parties orally modified it to include a provision guaranteeing that GLM would be able to purchase SVRUs at the best price LoJack was offering to any of its dealers or distributors. In exchange, GLM agreed to assist LoJack with the creation of a nationwide distribution network for its products. According to GLM, LoJack violated its best-price promise by offering lower prices to other distributors, which, among other harms, damaged GLM's reputation in the industry. GLM further contends that LoJack breached the parties' contractual obligations, breached the covenant of good faith and fair dealing, and otherwise engaged in acts of unfair competition. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's grant of summary judgment, drawing all factual inferences in favor of the non-moving party," and will "affirm when we are able to conclude that there is no genuine issue of dispute as to any material fact and the movant is entitled to judgment as a matter of law." *MPC Franchise, LLC v. Tarntino*, —F.3d—, 2016 WL 3512500, at *3 (2d Cir. June 27, 2016) (alterations and internal quotation marks omitted). Applying this standard, we affirm, substantially for the reasons stated by the District Court in its thorough and well-reasoned September 19, 2014 memorandum and order.

In arguing that there was a genuine issue of material fact respecting whether the parties orally modified their agreement, GLM fails to give due regard to the Massachusetts law that applies by virtue of the provision of the agreement stating that it could be amended or modified only by a signed writing. It is true, as the District Court noted, that "[u]nder Massachusetts law, a provision that an agreement may only be amended by a written instrument . . . does not automatically bar oral modification of the contract," and that "[m]utual agreement on modification of the requirement of a writing may be inferred from the conduct of the parties and from the attendant circumstances of

the . . . case." *G.L.M. Sec. & Sounds Inc. v. LoJack Corp.*, No. 10-CV-4701 (PKC), 2014 WL 4675854, at *7 (E.D.N.Y. Sept. 19, 2014) (alterations and internal quotation marks omitted) (quoting *Cambridgeport Sav. Bank v. Boersner*, 597 N.E.2d 1017, 1022 (Mass. 1992)). It is also true, however, that "[t]he evidence of a subsequent oral modification must be of sufficient force to overcome the presumption that the integrated and complete agreement, which requires written consent to modification, expresses the intent of the parties." *Cambridgeport*, 597 N.E.2d at 1022 n.10; *see Wells Fargo Bus. Credit v. Environamics Corp.*, 934 N.E.2d 283, 287 (Mass. App. Ct. 2010) ("[I]n order to support the existence of an oral modification, the parol evidence must be sufficiently weighted and of competent probity . . . .").

The Massachusetts Supreme Judicial Court has suggested that the evidence will be sufficient to meet these "stringent proof requirements," *Wagner & Wagner Auto Sales, Inc. v. Land Rover N. Am., Inc.*, 547 F.3d 38, 46 (1st Cir. 2008), only where it shows "that the party denying the existence of [the oral] modification had instead *unequivocally* expressed his approval" of it, *Cambridgeport*, 597 N.E.2d at 1022 (emphasis supplied) (internal quotation marks omitted); *see Baynorth Realty Fund VI, LP v. Wickline*, 26 N.E.3d 752 (Mass. App. Ct. 2015) (unpublished decision) (emphasizing unequivocality requirement); *Wounded Warrior Project, Inc. v. Lotsa Helping Hands, Inc.*, —F. App'x—, 2016 WL 1743494, at *3 (11th Cir. May 3, 2016) (unpublished summary order) ("While oral modifications may be implied, Massachusetts law requires that mutuality or acceptance of such modifications be unequivocal." (internal quotation marks omitted)). Having carefully reviewed the record, we agree with the District Court that no rational factfinder would have been able to determine that GLM had carried this "heavy burden." *Beal Bank S.S.B. v. Krock*, 187 F.3d 621, at *3 (1st Cir. Sept. 3, 1998) (unpublished summary order).

GLM also appeals the District Court's denial of its motion to amend its complaint for a second time. "The upshot of GLM's motion [was] that although its [first amended complaint] characterized LoJack's best-price promise as a modification to the parties' initial written [distribution and installation agreement], . . . the evidence adduced during discovery support[ed] the view that the best[-]price agreement was in fact distinct" therefrom. *G.L.M. Sec. & Sounds Inc.*, 2014 WL 4675854, at *14 (internal quotation marks omitted).

"We review a district court's decision to deny a motion to amend for abuse of discretion," *Bishop v. Wells Fargo & Co.*, —F.3d—, 2016 WL 2587426, at *5 (2d Cir. May 5, 2016), and find none here. "Leave to amend . . . should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *United States ex rel. Ladas v. Exelis, Inc.*, —F.3d—, 2016 WL 3003674, at *9 (2d Cir. May 25, 2016) (internal quotation marks omitted). "Furthermore, a proposed amendment is especially prejudicial when discovery had already been completed and [the] non-movant had already filed a motion for summary judgment." *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1988) (alterations and internal quotation marks omitted).

GLM did not move to amend until more than a month after the parties' summary judgment motions had been fully briefed, and more than seven months after the deadline set by the District Court for the parties to do so had expired. At the District Court, GLM's explanation for this delay was that its new theory was supported by evidence of which it became aware only after discovery. This explanation fails to account for the delay between the close of discovery and the filing of GLM's motion. But in any event, GLM did not cite, and the District Court could not find, "anything produced by LoJack during discovery that supports the proposition that GLM's new theory was only recently discovered." *G.L.M. Sec. & Sounds Inc.*, 2014 WL 4675854, at *14. Nor can we.

On appeal, GLM abandons this approach, and argues instead that its motion to amend became necessary "[w]hen LoJack foreshadowed on summary judgment that it viewed certain critical facts as outside the scope of [GLM's breach-of-contract] claim as articulated." Pl.'s Br. 42. This is, in essence, an argument that GLM should have been allowed to assert a new theory at the eleventh hour because LoJack mounted a strong defense to its original theory. We are not aware of any authority that accepts such an explanation as a legitimate justification for delay. We therefore cannot say that the District Court abused its discretion in denying GLM's motion to amend here.

## CONCLUSION

We have considered all of GLM's arguments on appeal and found them to be without merit. Accordingly, the August 25, 2015 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4